UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN MARK REEVES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:12CV2185 ACL |
| ) | |
| CHRIS KOSTER, et al., ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Steven Mark Reeves' Motion for Evidentiary Hearing and Request for Appointment of Counsel. (Doc. 36.) On November 13, 2012, Reeves filed the instant application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he raises seven grounds for relief.

### 1. **Motion for Evidentiary Hearing**

Under 28 U.S.C. § 2254(e)(2), a federal district court may not grant an evidentiary hearing unless "the applicant has failed to develop the factual basis of a claim in State court proceedings . . . [and] the claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence; and [] the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." An evidentiary hearing is not necessary when the merits of a petitioner's claims may be resolved based on the state court record. *McCann v. Armontrout*, 973 F.2d 655, 658-59 (8th Cir. 1992).

Here, Reeves provides no argument in support of his Motion for Evidentiary Hearing. At this stage of the litigation, it appears that the state court record contains sufficient facts to make an informed decision on the merits of Reeves' claims. Thus, Reeves' Motion for an Evidentiary Hearing will be denied.

## 2. Motion to Appoint Counsel

Habeas proceedings are civil in nature, and, thus, habeas petitioners have no Sixth Amendment right to counsel. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) ("there is neither a constitutional nor statutory right to counsel in habeas proceedings"). Section 2254, which addresses the appointment of counsel, reads:

> (h) Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.

28 U.S.C. § 2254 (h). A Magistrate Judge or District Judge may appoint counsel for a habeas petitioner if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Except when an evidentiary hearing is held, the court may use its discretion in deciding whether to appoint counsel. *See Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir.1994). To determine whether appointment of counsel is warranted, the court should examine the nature of the litigation, the litigant's ability to do research and present his claims, and the complexity of the issues. *See id.; McCall*, 114 F.3d at 756.

A review of the *pro se* Petition, as well as the additional documents filed in this case, indicates that they adequately present Reeves' issues. The Court notes that none of these claims appear legally or factually complex, and that Reeves has clearly presented his claims to this court for adjudication.

After examining the record, the undersigned finds that neither the interests of justice nor due process requires the appointment of counsel at this stage of the litigation. Reeves' motion will be denied without prejudice, meaning that it may be brought again at a later time if it appears that justice would require the appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Evidentiary Hearing (Doc. 36) be **denied without prejudice.**

**IT IS FURTHER ORDERED** that Petitioner's Request for Appointment of Counsel (Doc. 36) be **denied without prejudice**.

Dated: August 27, 2015

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE