UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN REEVES, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>ELLIS McSWAIN, )<br>)<br>Respondent. ) | Case No. 4:12CV2185 ACL |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Steven Reeves for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

## I. Procedural History

On November 3, 2011, Reeves pled guilty to two counts of possession of child pornography. (Doc. 40-1.) The Circuit Court of St. Louis County sentenced Reeves to concurrent terms of thirty-six months imprisonment. The court ordered that Reeves serve his state sentence concurrently with his thirty-seven-month federal sentence stemming from an October 25, 2011 guilty plea to two federal counts of possession of child pornography in Case Number 4:10CR00662CDP ("Federal Case"). *Id.* at 11.

At the time this habeas action was filed, Reeves was an inmate at the Forrest City Federal Correctional Institution in Forrest City, Arkansas. Reeves has since been released from custody. Because Reeves is under the supervision of the Missouri Board of Probation and Parole, the proper respondent in this action is Ellis McSwain, the Chairman of the Board of Probation and Parole.

Reeves filed the instant Petition on November 13, 2012. (Doc. 2.) Reeves raises the following grounds for relief: (1) counsel was ineffective in failing to properly investigate his case; (2) counsel was ineffective in failing to recognize a conflict between the narrative report of

the search warrant and the return/inventory list; (3) counsel was ineffective in failing to recognize an irregularity in the search warrant return/inventory list; (4) police violated his Fourth Amendment rights in seizing his guns; (5) police illegally executed the search warrant; (6) prosecutorial misconduct, due to the State's failure to conduct their own investigation and reliance on the Federal investigation; and (7) the investigation that led to his conviction was a "precursor investigation." *Id.* at 17-21.

On February 20, 2013, Respondent filed a Response to Order to Show Cause, in which he argues that Reeves has not yet exhausted his state remedies. (Doc. 20.) Respondent further argues that all of Reeves' claims fail on their merits.

Reeves has filed a Traverse, in which he provided further argument in support of his claims. (Doc. 2.)

## II.     Facts

At the plea and sentencing hearing, Reeves testified that he had sufficient time to discuss his case with his attorney, and that he was satisfied with his attorney's services. (Doc. 40-1 at 4.) The court advised Reeves of his right to a jury trial, including the State's obligation to prove his guilt beyond a reasonable doubt. *Id.* at 4-6. Reeves testified that he understood his rights and wished to waive them and plead guilty. *Id.*

The prosecutor stated that the evidence against Reeves would be as follows if the case went to trial:

> Our evidence would show on both counts to the charge of possession of child pornography, a Class C felony, that on May the 13th of 2009, at approximately 7:30 p.m. here in St. Louis County, the defendant, knowing of its content and character, possessed obscene material consisting of images on a computer of prepubescent children engaged in sexual acts with adults that has a person under the age of 14 years old as one of its participants. Count II, our evidence would also show that the defendant possessed—on the same date, time, place, and location as to Count I, the defendant, knowing of its content and character, possessed obscene material consisting of images of prepubescent

> children engaged in sexual acts with adults that has a person under the age of 14 years old as one of its participants.
> Specifically, police executed a search warrant at the defendant's house and located a computer. The computer was the defendant's computer.

*Id.* at 7. When asked by the court if the prosecutor's statements were "substantially true and correct," Reeves responded, "Yes, they are. They are correct." *Id.* at 7-8.

Reeves testified that no threats or promises had been made to induce him to plead guilty. *Id.* at 8. He testified that he was pleading guilty because he was, in fact, guilty and admitted that he committed the offenses as charged. *Id.* at 10. Reeves also requested permission to make a statement prior to the court accepting his plea. *Id.* Reeves stated that he would turn himself in pursuant to the plea agreement because "I got to stand up for what I did, and I'm going to take responsibility." *Id.*

The plea court found a factual basis for the pleas of guilty, and that Reeves had made his pleas voluntarily and intelligently, with a full understanding of the charges, the consequences of the pleas, an understanding of the rights attending a jury trial and the effect of the pleas of guilty on those rights. *Id.* at 11. The court therefore accepted Reeves' pleas of guilty and then sentenced Reeves in accord with the plea agreement.

The plea court then questioned Reeves regarding the assistance of counsel. *Id.* at 14. Reeves testified that he had sufficient time to discuss his case with his attorney, his attorney did everything he asked him to do prior to entering his plea, his attorney did not do anything contrary to his instructions, his attorney did not threaten him or induce him to plead guilty, and he was satisfied with the services rendered by his attorney. *Id.* at 14-15. When asked by the plea court if there was anything he wished to add, Reeves stated "He did everything I wanted him to do…My counsel was excellent." *Id.* at 15-16. The court found there was no probable cause that Reeves received ineffective assistance of counsel. *Id.* at 16.

### III. Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Id.* at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." *Id.* Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410.

## IV. Exhaustion

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. *Picard v. Connor,* 404 U.S. 270, 275-76 (1971); *Smittie v. Lockhart,* 843 F.2d 295, 296 (8th Cir. 1988); *see also Boerckel,* 526 U.S. at 848. If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. *Smittie,* 843 F.2d at 296. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the default. *Coleman v. Thompson,* 501 U.S. 722 (1991); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *Keithley v. Hopkins,* 43 F.3d 1216, 1217 (8th Cir. 1995); *Stokes v. Armontrout,* 893 F.2d 152, 155 (8th Cir. 1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. *Rhines v. Weber,* 544 U.S. 269 (2005).

In this cause, Respondent contends that Reeves has not presented any of his claims to a Missouri court for review. Specifically, Respondent argues that Reeves "has not yet been delivered to the custody of the Missouri Department of Corrections, thus he has been unable to file a Rule 24.035 motion for post-conviction relief." (Doc. 20 at 5.) Respondent notes that Reeves is able to file a Rule 91 petition for writ of habeas corpus in Cole County, Missouri. Reeves argues that he has attempted to exhaust his state remedies by filing habeas petitions in St. Louis County, Missouri, and in St. Francis, Arkansas, where he was detained. (Doc. 22 at 4-5.)

Under § 2254(b)(1)(B)(ii), a habeas petitioner may be excused from the exhaustion requirement if "circumstances exist that render such [State corrective process] ineffective to protect the rights of the applicant." The determination of whether such special circumstances exist is a factual one for this Court. *Chitwood v. Dowd,* 889 F.2d 781, 784-85 (8th Cir. 1989).

A person must be in the physical custody of the Department of Corrections in order to file a Rule 24.035 motion. *Barna v. State*, 918 S.W.2d 417, 418 (Mo. Ct. App. 1996). Reeves was never in the physical custody of the Missouri Department of Corrections on the instant convictions. Instead, he completed his state sentence in a federal institution in Arkansas. As such, it appears that Reeves was never eligible to file a Rule 24.035 motion to exhaust his state court remedies. Respondent acknowledges that Reeves has been unable to file a Rule 24.035 motion.

On the information before the Court, it appears that Reeves' state court remedies are ineffective in securing his rights in this cause. Reeves made efforts to exhaust his state remedies by filing Rule 91 petitions. The Court will therefore excuse Reeves' failure to exhaust state remedies in the unique circumstances of this case and proceed to determine the merits of his claims.

### V. Discussion

As previously noted, Reeves raises seven grounds for relief. The Court will discuss these claims in turn.

#### A. Ineffective Assistance of Counsel Claims: Grounds One, Two, and Three

In order to succeed on his ineffective assistance of counsel claims, Reeves must show not only that his counsel's performance fell below an objective standard of reasonableness, but that he was prejudiced by his counsel's incompetence. *Nelson v. Hvass,* 392 F.3d 320, 323 (8th Cir. 2004) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)). With respect to the first

*Strickland* prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. *Strickland,* 466 U.S. at 689. To show prejudice, there must be a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *Id.; Hill v. Lockhart,* 474 U.S. 52, 58–59 (1985) (two-part *Strickland* test applies to ineffective-assistance claims arising out of the plea process). Following a conviction by guilty plea, this means a "reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59.

**Ground One**

In Ground One, Reeves argues that he received ineffective assistance of counsel because trial counsel failed to properly investigate his case and attack the sufficiency of the State's case. Reeves contends that, if counsel had conducted an independent investigation, he would have discovered Reeves was innocent.

Reeves fails both prongs of the *Strickland* test. First, the Court finds Reeves fails to demonstrate his attorney's performance was constitutionally deficient. Rather, at the plea and sentencing hearing, Reeves stated that he had sufficient time to discuss his case with his attorney, that his attorney advised him as to all aspects of the case, that his attorney did everything he asked him to do, and that he was satisfied with his attorney's services. (Doc. 40-1 at 4, 14-15). Reeves even added that his attorney did everything he wanted him to do, and that "counsel was excellent." *Id.* at 15-16. The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" *Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74).

The Court further finds that with his claims in Ground One, Reeves cannot demonstrate the requisite prejudice. Specifically, the Court notes that during his guilty plea proceeding, Reeves testified that he committed the acts underlying the charges, and that he was pleading guilty to those charges because he was guilty. *Id.* at 7-8. Reeves further expressed that he wished to take responsibility for his actions. *Id.* at 10. In the instant Petition, Reeves offers no evidence tending to demonstrate that he was not guilty of the charges, or that absent his counsel's allegedly deficient performance, he would have proceeded to trial on the charges. The record shows that Reeves voluntarily pled guilty, and that he received effective assistance of counsel. *Smith*, 921 F.2d at 157. Thus, Ground One will be denied.

**Grounds Two and Three**

In Grounds Two and Three, Reeves argues that he received ineffective assistance of counsel because trial counsel failed to recognize various discrepancies in the police investigations. Specifically, Reeves argues that the execution date provided on the warrant was one-day different from the date the police provided on the narrative report, and that the police did not follow established procedures in completing and filing the search inventory form.

First, as discussed above, Reeves' claim that counsel was ineffective is contrary to his sworn statements at the plea and sentencing hearing. Second, Reeves is unable to demonstrate prejudice resulting from counsel's failure to recognize the discrepancies in the police investigations. Reeves does not argue that, but for counsel's failure to recognize these alleged errors, he would not have pleaded guilty. Furthermore, the Eighth Circuit has held that a typographical error does not generally warrant the suppression of evidence, as it may be saved by the good-faith exception. *United States v. White*, 356 F.3d 865, 869 (8th Cir. 2004) (upholding a search based on a warrant with an incorrect date). Accordingly, Grounds Two and Three will be denied.

### B. Fourth Amendment Claims: Grounds Four and Five

In Ground Four, Reeves argues that police exceeded the scope of the search warrant and violated his Fourth Amendment rights in seizing his guns. In Ground Five, Reeves argues that the search warrant was executed illegally because detectives failed to identify themselves and inform him a search was going to be conducted prior to the search. He also claims that police seized items not included in the warrant.

"As a general rule, [a] defendant's knowing and intelligent guilty plea forecloses 'independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *Weisberg v. Minnesota,* 29 F.3d 1271, 1279 (8th Cir. 1994) (quoting *United States v. Vaughan,* 13 F.3d 1186, 1187 (8th Cir. 1994). Although there are exceptions to this rule, a guilty plea waives all non-jurisdictional issues. *See Vaughan*, 13 F.3d at 1188. A guilty plea forecloses a Fourth Amendment claim. *Weisberg*, 29 F.3d at 1280 (citing *Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989).

Reeves does not raise any jurisdictional issues. By entering his guilty plea, he has waived his search and seizure claims. Thus, Grounds Four and Five are not properly before the Court in this habeas action, and will be denied.

### C. Prosecutorial Misconduct: Ground Six

In Ground Six, titled "prosecutorial misconduct," Reeves argues that the State did not conduct its own investigation and, instead relied on the Federal Government's evidence. Reeves contends that the Federal Government's investigation did not support the finding that he possessed the pornographic images.

Reeves fails to allege any facts supporting prosecutorial misconduct. Rather, Reeves appears to argue that the evidence relied on by the State was insufficient to support his

convictions. As previously discussed, Reeves knowingly and voluntarily pled guilty to these charges and to the factual bases supporting the charges at his plea hearing. As such, he waived all nonjurisdictional challenges to the prosecution of his case, including the sufficiency of the State's evidence. Thus, Ground Six will be denied.

### D. "Precursor Investigation": Ground Seven

In Ground Seven, Reeves argues that the underlying investigation that led to his conviction was a "precursor investigation." (Doc. 2 at 21.) Reeves claims that the investigation was not a St. Louis County operation initially, but was initiated by other agencies.

Reeves fails to allege a violation of his constitutional rights. Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. *Williams-Bey v. Trickey,* 894 F.2d 314, 317 (8th Cir. 1990); 28 U.S.C. § 2254(a). Claims that do not reach constitutional magnitude cannot be addressed in a petition for writ of habeas corpus. *Carter v. Armontrout,* 929 F.2d 1294, 1296 (8th Cir. 1991). Reeves' claim is not cognizable in this federal habeas action. Thus, Ground Seven will be denied.

## VI. Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). In this case, Reeves has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable

jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

## **ORDER**

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Petitioner be denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

s/Abbie Crites-Leoni<br>
ABBIE CRITES-LEONI<br>
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of March, 2016.